IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CR-88-BO

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| HOSEA LOREN LEWIS | ) |

This matter is before the Court on defendant's pro se motion seeking prior custody credit. [DE 41]. The government has responded in opposition, [DE 46], and the matter is ripe for adjudication. For the following reasons, defendant's motion is denied.

## BACKGROUND

On May 13, 2014, defendant was indicted in the United States District Court for the Eastern District of North Carolina for Possession of a Firearm and Uttering Counterfeit Obligations or Securities. On February 13, 2015, defendant was sentenced in this Court, to an 84-month term of imprisonment. Defendant is currently serving his sentence at the United States Penitentiary in Coleman, Florida ("USP Coleman"). [DE 46-1 at ¶ 14].

On May 11, 2017, defendant filed the instant pro se motion, arguing that the Federal Bureau of Prisons ("BOP") has improperly calculated the amount of prior custody credit or "jail credit" to which he is entitled. [DE 41].

## DISCUSSION

The Court must begin by properly characterizing this motion. It cannot be construed as a motion under 28 U.S.C. § 2255 because defendant does not challenge the imposition of sentence, but rather challenges the manner in which the sentence has been executed. *See* 28 U.S.C. § 2255(a); *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). Further, this motion cannot be

construed as a motion pursuant to Rule 36 of the Federal Rules of Criminal Procedure, because Rule 36 only permits correction of clerical errors and does not allow a sentence to be substantively altered. *See* Fed. R. Crim. P. 36; *United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996). Because this Court does not perceive any clerical errors in defendant's sentence, and defendant does not argue that a clerical error exists, Rule 36 has no application here.

Therefore, this motion is construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241, which is the proper method of challenging prior custody credit. *See Reno v. Koray*, 515 U.S. 50, 53 (1995). A § 2241 must be filed in the district that has *in personam* jurisdiction over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (great writ issuable only in district of confinement). As defendant is currently incarcerated at USP Coleman in Florida, this Court lacks jurisdiction to adjudicate this motion.

This Court also lacks jurisdiction over the motion because defendant has failed to exhaust the administrative remedies available to him. In calculating a term of imprisonment

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). However, "it is the Attorney General, and not the sentencing court, that computes the credit due under § 3585(b)." *United States v. McGee*, 60 F.3d 1266, 1272 (7th Cir. 1995). Defendant cannot, therefore, assert a claim for judicial relief before exhausting the prescribed administrative remedies made available to him. *Woodford v. Ngo*, 548 U.S. 81, 88–89

2

(2006); *Reno*, 515 U.S. at 53 (habeas corpus petition seeking custody credit filed after exhaustion of administrative remedies).

It appears from the record that defendant has not exhausted the administrative remedies made available to him as to this claim. *See* [DE 13-3]. Defendant has further failed to present any sufficient basis upon which to excuse his failure to exhaust. *See McClung v. Shearin*, 90 Fed. App'x 444, 445 (4th Cir. 2004) ("Failure to exhaust may only be excused upon a showing of cause and prejudice"); *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001) (cause requirement satisfied where "legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies"). As defendant has not exhausted his administrative remedies, this Court is without jurisdiction to consider his claim at this time.

## CONCLUSION

For the foregoing reasons, defendant's motion [DE 41] on is DENIED.

SO ORDERED, this __/__ day of September, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE